## H. B. HUNTLEY, Respondent, v. SAM GEYER, Appellant.

(175 N. W. 619.)

**Evidence — application of the "hearsay" rule.**

1. Certain testimony *held* to be inadmissible as hearsay for the reasons stated in the opinion.

**Physicians and surgeons — proof of value of services.**

2. In an action to recover upon an implied promise to pay for his services, a physician has the burden of proving the value thereof.

Opinion filed October 20, 1919.

Appeal from the District Court of Cass County, *Cole,* J.

Defendant appeals from the judgment and from an order denying his motion for judgment notwithstanding the verdict or for a new trial.

Reversed and remanded for a new trial.

*A. C. Lacy,* for appellant.

The court was clearly in error in permitting the plaintiff to testify

as to conversations he claimed to have had with one of the sons of defendant, out of defendant's hearing, without first laying a foundation to show that said son, if he made said statements, had authority to make them. 1 Elliott, Ev. §§ 318, 319; Swan v. Warner (N. Y.) 90 N. E. 430.

A plaintiff must recover, if at all, upon the cause of action set out in his complaint, and not upon some other which may be developed by the proof. Mondran v. Goux, 51 Cal. 153.

In the absence of statutory enactments, it is necessary in actions on a contract, to allege the consideration, except in the case of contracts under seal, bills of exchange, and negotiable notes, all of which by intendment import a consideration. Schwerdt v. Schwerdt (Ill.) 83 N. E. 613; Central Secur. Co. v. Milwaukee-Waukesha Brewing Co. (Wis.) 164 N. W. 994.

Consideration must consist of a present and a further act. A past act cannot serve as a consideration for a promise. 3 Am. & Eng. Enc. Law, 838; Winch v. Trust Co. 32 N. Y. Supp. 244; McArthur v. Dryden, 6 N. D. 436, 71 N. W. 125.

A mere admission of liability for or promise to pay the debt of a third person, no consideration therefor being shown, is not binding. Bunnell v. Empire Laundry Machinery Co. 5 N. Y. Supp. 591; Rossford v. Swift, 39 N. Y. Supp. 337.

No liability of construction will excuse the failure to plead a material fact. McCormick Harv. Mach. Co. v. Rae, 9 N. D. 482, 84 N. W. 346.

In an action on a contract, the contract given in evidence must agree in substance and in terms with that stated in the declaration. Russell v. South Britain Soc. 9 Conn. 508; Supreme Lodge, K. P. v. Weller (Va.) 25 S. E. 891.

A party cannot sue upon one contract and recover upon another. Green v. Southern States Lumber Co. (Ala.) 50 So. 917; Walker v. Bohaman (Mo.) 147 S. W. 1024; Barber v. Clark Imp. Co. (Mo.) 111 S. W. 846; Jenkins v. Clapton (Mo.) 121 S. W. 759; Stuart v. Calahan (Tex.) 142 S. W. 60; Bagley v. Black (Tex.) 154 S. W 247; New Jersey Foundry & Mach. Co. v. United States, 49 Ct. Cl. 235.

The reasonableness of the amount charged for the services rendered

by a physician and surgeon must be proved. Sidsner v. Fetter, 19 Ind. 810; Styles v. Tyler (Conn.) 30 Atl. 165.

As to the necessity of proving value of professional services see also: Mitchell v. Davis (Minn.) 53 N. W. 363; Kolka v. Jones (N. D.) 71 N. W. 564..

Where the complaint seeks to recover goods sold to defendants as partners under the name of W. Co., it is error to admit evidence to show, and to instruct the jury on the theory that the W. Co. was a corporation and the goods were sold to it, and that defendant undertook to be responsible for the price or that the defendant bought out the corporation and assumed the debt. Kelly, D. & Co. v. Johnson (Wash.) 32 Pac. 752; Miller v. Hallock (Colo.) 13 Pac. 541; Reiggles v. Blank, 15 Ill. App. 436; Benson v. Dean (Minn.) 42 N. W. 207.

Consideration must consist of a present or future act. A past act cannot serve as a consideration for a promise. Mills v. Wyman, 5 Pick. 207; Funk v. Funk (Ky.) 122 S. W. 511; 2 Am. & Eng. Enc. Law, 834; Bunnell v. Empire Laundry Machinery Co. 5 N. Y. Supp. 591; Ventress v. Gunn (Ala.) 60 So. 560.

To recover on an account stated, plaintiff must declare upon an account stated, and if he proceeds upon the original cause of action, the rules of evidence governing an action on an account stated will not apply. Bump v. Cooper (Or.) 26 Pac. 848; Packet v. Platt, 22 Minn. 413; McCormick Harv. Mach. Co. v. Wilson, 40 N. W. 771; Edwards & McC. Lumber Co. v. Baker (N. D.) 50 N. W. 718.

An account stated alters the nature of the original indebtedness, and is itself in the nature of a new promise or undertaking. Foster v. Allanson, 2 T. R. 479.

When an account is stated, the balance struck becomes an original demand, the transaction amounts to an express promise to pay that balance, and the account cannot be examined to ascertain the items of that balance. Christofferson v. Howe (Minn.) 58 N. W. 830. Citing: Hawkins v. Long, 74 N. C. 781; McClelland v. West, 70 Pa. 183; 1 Am. & Eng. Enc. Law, 124.

*Burfening & Conmy,* for respondent.

"No variance between the allegation in a pleading and the proof shall be deemed material, unless it has actually misled the adverse party to his prejudice in maintaining his action or defense upon the

merits." Comp. Laws 1913, § 7478; Maloney v. Geiser Mfg. Co. 17 N. D. 195; Robertson v. Moses, 15 N. D. 351; Mallorum v. Holmes, 15 N. D. 411; Rickel v. Sherman, 34 N. D. 298.

"The rule is firmly settled that this court will not weigh conflicting evidence, nor disturb the order of a trial court granting or denying a new trial, where there is substantial conflict in testimony." Casey v. First Bank, 20 N. D. 211, 126 N. W. 1011; Lang v. Bailes, 19 N. D. 562, 125 N. W. 891; Taylor v. Jones, 3 N. D. 255, 55 N. W. 593; Black v. Walker, 7 N. D. 414, 75 N. W. 787; Thompson v. Scott, 34 N. D. 503.

CHRISTIANSON, Ch. J. The plaintiff, a physician and surgeon, brought this action to recover for certain professional services. In his complaint he alleges that he is duly licensed to practise in this state; that at Leonard, North Dakota, between March 9, 1911, and May 1, 1911, at defendant's special instance and request, he rendered medical and surgical services for the said defendant of the reasonable and agreed value of $272, and which said amount the defendant then and there agreed to pay said plaintiff; that no part of said account has been paid except the sum of $66, paid between March 9, 1911, and December 23, 1911. The answer admits that the plaintiff is a physician and surgeon duly licensed to practise in this state; but denies all the other averments of the complaint. The case was tried to a jury upon the issues thus framed. A verdict was returned for the plaintiff for the amount demanded in the complaint. The defendant moved in the alternative for judgment notwithstanding the verdict or for a new trial. The motion was denied, and the defendant has appealed from the judgment and from the order denying such motion.

It appears from the evidence that the professional services for which plaintiff seeks to recover were rendered in the treatment of one Walter Geyer, a son of the defendant. At the time the services were rendered Walter Geyer was about twenty-four years of age. He was making his home with his parents, but was operating an adjoining farm for himself. The plaintiff testified that about March 9, 1911, one of Walter Geyer's brothers came to plaintiff's office, and informed plaintiff of Walter Geyer's illness, and obtained some medicine for him. The plaintiff further testified that at that time the brother stated that he

had been sent by the defendant to consult the plaintiff with regard to Walter's illness. This testimony was admitted over objection that there was no showing that the son who called on the plaintiff had been authorized by defendant to do so, and that the alleged statements were hearsay as to the defendant, and inadmissible. The objection was overruled and the evidence admitted. This ruling is assigned as error.

We are of the opinion that the court erred in permitting the plaintiff to testify to the statements which he claims defendant's son made at the time he called plaintiff to treat Walter Geyer. The defendant denied that he had sent the son, or had in any manner requested or authorized the calling of the plaintiff. Plaintiff made no showing whatever that the son had actually been sent by the defendant. Clearly plaintiff's testimony as to what the son said would not be admissible to prove that the defendant had sent him. It was purely hearsay. And in view of the condition of the evidence in this case, we are not prepared to say that the admission of this evidence did not affect the result.

The defendant, also, contends that there was no evidence tending to show either that the compensation of the plaintiff had been agreed upon, or that his services were reasonably worth the amount awarded. We believe that this contention is well founded. There is no evidence tending to show that the amount of plaintiff's compensation was fixed by agreement. Neither did the plaintiff nor anyone else testify that the services rendered by the plaintiff were reasonably worth the amount which the plaintiff recovered or any other amount. The plaintiff contented himself by stating what he had done, and identifying certain charges he had made upon his books therefor. Nowhere did he testify that the services were reasonably worth what he charged therefor. In the absence of an express agreement as to amount, the law implies a promise to pay for a physician's services as much as they are reasonably and ordinarily worth on the professional market. 21 R. C. L. p. 415. Where a physician seeks to recover for such services he has the burden of proving the value thereof. 9 Enc. Ev. 828.

The judgment and order appealed from must be reversed and the cause remanded for a new trial. It is so ordered.

BRONSON and BIRDZELL, JJ., concur.

GRACE, J. I concur in the result.

ROBINSON, J. I dissent on the ground that the record shows no issue on the value of the services.