POULSON, Respondent, v. FOSTER, Appellant

(293 N. W. 361.)

(File No. 8369.  Opinion filed July 26, 1940.)

**T. R. Johnson,** of Sioux Falls, for Appellant.

**A. J. Keith,** of Sioux Falls, and **L. C. VanOrnum,** of Conde, for Respondent.

WARREN, J.   The plaintiff, a dentist with offices at Conde, South Dakota, brought action in the Municipal Court of Sioux Falls, South Dakota, for certain professional work and materials furnished to the defendant's family, claiming a balance of $57.42 due him.   After issue had been joined the case was tried to the court which at the conclusion of the evidence found for the plaintiff.   Findings of Fact, conclusions of law and a judgment were entered in favor of the plaintiff and against the defendant.

A motion for new trial was made, which motion was denied; thereafter, the defendant appealed from the judgment and order denying the motion for new trial.

The respondent has not favored us with a brief on this appeal.   The appellant through his several assignments of error in his argument included an assignment that there was no evidence to support the decision of the trial court as there was no showing that the defendant promised to pay the plaintiff an agreed price for such alleged professional services purported to have been rendered to defendant's family, and that there was no testimony that the services were reasonably worth the amount awarded by the court.

We have examined the record for the sufficiency of the evidence to support the findings.   We do not believe that one may say that the record of all the evidence is sufficient to sustain the findings upon either theory.   Surely there is no evidence as to the reasonable value of the services, neither is there any evidence whatsoever that could be construed that there was an express contract to pay for the services rendered and the materials furnished.   In the case of Huntley v. Geyer, 43 N. D. 366, 175 N. W. 619, 620, the North Dakota Supreme Court treated a situation closely resembling the one before us as follows:   "The defendant, also, contends that there was no evidence tending to show either that the compensation of the plaintiff had been agreed upon, or that his services were reasonably worth the amount awarded.   We believe that this contention is well founded.

There is no evidence tending to show that the amount of plaintiff's compensation was fixed by agreement. Neither did the plaintiff or any one else testify that the services rendered by the plaintiff were reasonably worth the amount which the plaintiff recovered or any other amount. The plaintiff contented himself by stating what he had done, and identifying certain charges he had made upon his books therefor. Nowhere did he testify that the services were reasonably worth what he charged therefor. In the absence of an express agreement as to amount, the law implies a promise to pay for a physician's services as much as they are reasonably and ordinarily worth on the professional market. 21 R.C.L. p. 415. Where a physician seeks to recover for such services, he has the burden of proving the value thereof. 9 Ency. Ev. 828."

Having reached the conclusion that the evidence is insufficient to support the findings made by the trial court, it becomes unnecessary to fill the pages of our reports with rulings upon the other assignments of error. The order and judgment appealed from are reversed.

All the Judges concur.